HARDY, Judge.
This is a suit by plaintiff seeking the recovery of double the amount of earnest money deposited in connection with a contract of sale and purchase of a certain described lot in the City of Shreveport. From judgment in favor of plaintiff, as prayed, the defendant has appealed. Plaintiff has answered the appeal, seeking to have this court assess damages because of the frivolous nature of the appeal.
The record conclusively establishes the material facts. On December 8, 1961, plaintiff as purchaser, entered into a written sales contract with defendant as owner of the property involved, in which the parties respectively bound themselves to purchase and to sell the property for a consideration of $4,450.00 cash, $500.00 being deposited contemporaneously with the execution of the agreement and the balance to be paid upon signing of the deed. The contract contained no reference to time of performance and the only condition was that the sale was subject to the approval of house plans by the F.H.A. The record indicates, by hearsay testimony to which no objection was made, that the F.H.A. actually approved the plans.
Some time after the execution of the contract, for personal reasons established as being the plaintiff’s desire to obtain a transfer from Shreveport to a climate more beneficial to his wife’s health, the plaintiff attempted to contact the defendant for the purpose of determining some means by which he could withdraw from the agreement and recover the deposit made thereunder. Despite repeated attempts, plaintiff was unable to establish telephone contact -with the defendant himself, who neglected, or refused, to return plaintiff’s calls and who delegated the conduct of negotiations to a representative in his real estate office, one John B. Griggs. This individual testified that, in accordance with defendant’s instructions, he repeatedly advised plaintiff that he had bought the lot and that the only way in which he could recover his purchase money was by effecting a sale of the property to another party. It was established that plaintiff attempted to interest other parties in the purchase of the lot, but without success.
The only direct contact with defendant in connection with this matter was made by plaintiff’s wife, who had a telephone conversation with defendant in June of 1962. Mrs. Ostrowski testified that the defendant told her he had made the sale in good faith and he would have nothing further to do with the matter, but, if they could sell it, to go ahead and make such a sale and that if he knew of anyone who was interested, he would inform them. Defendant confirmed Mrs. Ostrowski’s testimony on the point that he had told her to go ahead and sell the lot, stating “It is your lot,” but denied that he had promised to inform the Ostrowskis of any possible purchaser.
*231 Notwithstanding the above conversation, the defendant sold the lot in July, 1962, to another party without any notice to plaintiff. Plaintiff continued his efforts to procure a purchaser and only accidentally learned, in October, 1962, that defendant had sold the property. Plaintiff then consulted counsel, who directed a letter to defendant under date of October 29, 1962, making formal demand to execute a deed to the property and further advising that, in the event of refusal or failure to deliver such a deed, he would be held accountable for the amount deposited and the forfeiture of an equal amount. This demand was ignored and plaintiff filed suit on November 12, 1962.
Counsel for defendant-appellant specifies error on the part of the trial judge in his failure to hold:
(a). That the contract had not been cancelled and terminated by plaintiff in February, 1962 “when the plaintiff informed defendant that he could not and would not purchase the property;”
(b). In giving judgment for the amount of the deposit, together with an equal sum “inasmuch as it was through the failure and refusal of the plaintiff himself to take the property that the deposit was not returned”;
(c). In refusing to rule that the seven-month interval between the ex-cution of the contract and the sale of the property was a reasonable time for consummation of the contract, and, accordingly, that defendant was entitled to retain the deposit; and
(c). In refusing to rule that plaintiff had cancelled the contract by his own actions, was only attempting to recover the cash deposit, and, therefore, was estopped to claim a refund of double the amount of the deposit.
All of Counsel’s specifications of error, as above outlined, are predicated upon an erroneous assumption of facts. The record does not contain the slightest evidence that plaintiff ever refused to purchase the property. On the contrary, it was established on trial that plaintiff was at all times able and willing to carry through the contract, though, admittedly, he wished to be released therefrom. While it is true that plaintiff was making every effort in compliance with the suggestion made by defendant to sell the lot in order that he might recover the amount of his deposit, it is also true that defendant, by his actions in conveying the property to another party without informing plaintiff, and, indeed, without ever making any demand upon plaintiff for compliance with the contract, effectively put an end to any hope that plaintiff might have entertained as to the recovery of his money by this means.
We find little ground for difference of opinion with respect to the principles of law here involved. Plaintiff’s action is predicated upon LSA-C.C. Article 2463 which establishes the right of the party receiving the earnest money to recede from the contract upon returning double the amount. Equally acceptable is the argument on behalf of defendant that where no term is fixed by the parties for the performance of the obligation, it may be ex-executed immediately; LSA-C.C. Article 2050. However, this article contains a definite illustration of its application in the following words:
“Thus, an obligation to pay money, without any stipulation for time, may be enforced at the will of the obligee.”
(Emphasis supplied.)
We are in complete accord with the proposition that defendant at any time after approval of plaintiff’s house plans by the F.H.A. was at liberty to place plaintiff in default by demanding performance, and, in the event of plaintiff’s failure to fulfill, the earnest money would have been forfeited. Not only did defendant in this *232 case fail to make any sort of demand on plaintiff for performance, but by his admitted course of conduct he convincingly gave plaintiff to understand that he was at liberty to sell the lot and thereby recover the amount deposited as earnest money. Finally, inexcusably and without making any -demand or giving any notice to plaintiff, who was still attempting to make a sale of the property, the defendant terminated this possibility by conveying title to the lot to another person.
It must also be conceded that putting in ■default is unnecessary when, by reason of the conduct of the obligor, it would prove to be vain and useless. This principle was stated in the opinion of Mr. Justice Hawthorne in the recent case of Elliott et al. v. Dupuy et al., 242 La. 173, 135 So.2d 54, which quoted with approval from an article by Mr. Leon Sarpy, 1 Loyola L.Rev., 127:
“When the obligor has conducted himself in a manner so inconsistent with his obligation as to preclude the likelihood of his entertaining a desire to perform, the obligor is automatically placed in default by his own act. The Civil Code labels such a situation an active breach, which extends, among many other instances, to the obligor's disposition of the subject matter of the contract m a manner contrary to the obligation, and also to the obligor’s deliberate refusal or acknowledged inability to perform. The reason why a putting in default is here unnecessary is that the law will not require a vain and useless thing of the obligee, such as an actual putting in default.” (Emphasis supplied.)
In the case before us, the plaintiff did not, by word or deed, evidence a lack of intention to fulfill the contract. To the contrary, the uncontradicted testimony is that he could and would at any time have made payment of the balance due upon offer of a deed to the subject property. It is further to be noted that it was the defendant in this case who conducted himself in a manner contrary to the obligation, and, finally, by his own act placed performance beyond possibility.
We find no possible justification for denying plaintiff the relief which he sought and to which he is entitled under the appropriate provisions of the Civil Code.
A somewhat serious question is presented by plaintiff’s claim for damages by reason of the alleged frivolous nature of this appeal. After careful consideration, in view of the diligence and sincerity of •counsel for defendant in bringing the appeal before this court by brief and oral .argument, we have concluded that we cannot denominate the appeal as being frivolous, and, accordingly, the demand for damages in this respect is rejected.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s •cost.